STACY R. PROCTER
Cal. Bar No. 221078, sprocter@ftc.gov
KENNETH H. ABBE
Cal. Bar No. 172416, kabbe@ftc.gov
D. EMILY WU
Cal. Bar No. 293670, ewu@ftc.gov
FEDERAL TRADE COMMISSION
10990 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300; Fax: (310) 824-4388

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br> Plaintiff, <br> v. <br> FASHION NOVA, INC, Defendant. | **Case No.** 2:20-cv-3641 <br><br> **COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF** |

Plaintiff, the Federal Trade Commission ("FTC") for its Complaint alleges:

1. The FTC brings this action under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the FTC's Trade Regulation Rule Concerning the Sale of Mail, Internet, or Telephone Order Merchandise ("MITOR" or the "Rule"), 16 C.F.R. Part 435, to obtain permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. §45 (a), and in violation of MITOR, 16 C.F.R. Part 435.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1345.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)–(d) and 15 U.S.C. § 53(b).

## PLAINTIFF

4. The FTC is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41–58. The FTC enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The FTC also enforces MITOR, which requires mail-, Internet-, or telephone-based sellers to offer consumers an option to consent to a delay in shipping or to cancel an order and receive a prompt refund when a seller cannot ship as required by the Rule, and to deem an order cancelled and make a prompt refund to buyers under certain circumstances.

5. The FTC is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and the Rule, and to secure such equitable relief as may be appropriate in each case, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies. 15 U.S.C. §§ 53(b), 57b, and 16 C.F.R. part 435.

## DEFENDANT

6. Defendant Fashion Nova, Inc. ("Fashion Nova") is a California corporation with its principal place of business located at 2801 E. 46th Street, Vernon, California. Fashion Nova transacts or has transacted business in this District and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Fashion Nova has advertised, marketed, or sold merchandise to consumers throughout the United States.

## COMMERCE

7. At all times material to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS ACTIVITIES

8. Fashion Nova is a fashion retailer that advertises, markets, and sells clothing and related accessories to consumers throughout the United States and in other countries.

9. Defendant advertises, markets, solicits orders for, and sells merchandise over the Internet on the website www.fashionnova.com. Defendant also advertises, markets, and solicits orders for merchandise via social media advertisements and email solicitations.

10. Defendant includes images and descriptions of the merchandise it sells on the Fashion Nova website. From webpages for specific products, consumers can select the quantity and, if applicable, the size and color of a product, and add it to their bag for purchase. Defendant depicts its merchandise as new and free from defect.

11. To purchase merchandise in their bag, consumers must select a shipping option, provide a shipping address, and submit payment information. Defendant has accepted and consumers have tendered payment for merchandise and any shipping costs in the form of credit or debit cards, PayPal, Amazon Pay, and Apple Pay.

12. Defendant has made representations about the speed of its shipping in its solicitations, including on the Fashion Nova website. For example, Defendant has stated on the home page of the Fashion Nova website, "Free 2 Day Shipping on all U.S. Orders $75 and Up," "Fast Canada Shipping Only $10," and "Fast International 6-10 Shipping Only $15." On a banner at the top of the website, which has been visible from multiple webpages, Defendant has also stated "Fast

Shipping." Images from the home page of the Fashion Nova website with these statements are included as Exhibit 1.

13. Defendant has also stated "Back at Top Speed – <u>Expect Your Items Quick!</u>" along with an image of a plane and the statement "Fast Shipping" on multiple webpages of the Fashion Nova website, including on the home page, product pages and checkout pages. An image of a product page from the Fashion Nova website with these statements is included as Exhibit 2.

14. Defendant has also made statements about the speed of its shipping on other pages of the Fashion Nova website. For example, at times, Defendant has represented on the Shipping and FAQ pages of the Fashion Nova website that it could take up to 24 hours (excluding weekends and holidays) to process an order. At other times, for example, Defendant has represented that it could take 24 to 48 hours (excluding weekends and holidays) to process an order.

15. Defendant has also made representations about the speed of its shipping in email solicitations to consumers. For example, in email solicitations to consumers, Defendant has stated, "Shipping Faster than Ever."

16. Numerous consumers throughout the United States and in other countries have visited and purchased merchandise from Defendant's website. In addition to what consumers pay for merchandise, many consumers have also paid shipping costs, including for one- or two-day shipping.

17. In numerous instances after consumers submitted orders for merchandise on Defendant's website, Defendant has not shipped one or more items of ordered merchandise to consumers. In numerous instances, such items were out of stock or Defendant shipped merchandise that was materially different from what consumers ordered, such as merchandise that was a different size, damaged, or used.

18. In numerous instances when Defendant did not ship one or more items of ordered merchandise, Defendant did not cancel the order and provide consumers

a prompt refund. In numerous instances, Defendant, per company policy, instead issued consumers a gift card that could only be used on the Fashion Nova website in the amount charged for the unshipped merchandise.

19. In numerous instances after consumers submitted orders for merchandise on Defendant's website, Defendant has not physically placed ordered merchandise in the possession of a carrier in the time represented.

20. In numerous instances when Defendant has not physically placed ordered merchandise in the possession of a carrier in the time represented, Defendant has not offered the buyer, without prior demand, an option either to consent to a delay in the shipment or to cancel the order and receive a prompt refund.

21. In numerous instances when Defendant has not offered the buyer the option to cancel the order or consent to a delay in shipment, Defendant has not canceled the order and has not provided consumers with a prompt refund.

22. Numerous consumers have complained directly to Defendant, including by phone and email, as well as through Defendant's social media accounts. Many consumers have reported that it was difficult to reach Defendant and obtain information about the status of their orders. Many consumers have filed complaints against Fashion Nova, including with the Better Business Bureau.

23. Based on the facts and violations of law alleged in this Complaint, the FTC has reason to believe that Defendant is violating or is about to violate laws enforced by the Commission.

## **VIOLATIONS OF THE MAIL, INTERNET, OR TELEPHONE ORDER MERCHANDISE RULE**

24. The Rule prohibits sellers from soliciting any order for the sale of merchandise ordered through the mail, via the Internet, or by telephone or facsimile transmission "unless, at the time of the solicitation, the seller has a reasonable basis to expect that it will be able to ship any ordered merchandise to

the buyer" either "[w]ithin that time clearly and conspicuously stated in any such solicitation; or [i]f no time is clearly and conspicuously stated, within thirty (30) days after receipt of a properly completed order from the buyer." 16 C.F.R. § 435.2(a)(1).

25. "Receipt of a properly completed order" means the time at which a seller receives full or partial payment tendered in the proper amount and form, including authorization to charge an existing charge account, and an order "containing all of the information needed . . . to process and ship the order." 16 C.F.R. § 435.1(c).

26. "Shipment" means the act of physically placing the merchandise in the possession of a carrier. 16 C.F.R. § 435.1(e).

27. Where a seller is unable to ship merchandise within the time stated in the solicitation or within 30 days, if no time is given, the seller must offer to the buyer "clearly and conspicuously and without prior demand, an option either to consent to a delay in shipping or to cancel the buyer's order and receive a prompt refund." 16 C.F.R. § 435.2(b)(1).

   a. Any such offer "shall be made within a reasonable time after the seller first becomes aware of its inability to ship," but in no event later than the time stated or within 30 days if no time is stated. 16 C.F.R. § 435.2(b)(1).

   b. The offer must "fully inform the buyer regarding the buyer's right to cancel the order and to obtain a prompt refund" and provide either a definite revised shipping date or, "where the seller lacks a reasonable basis for providing a definite revised shipping date[,] . . . inform the buyer that the seller is unable to make any representation regarding the length of delay." 16 C.F.R. § 435.2(b)(1)(i).

28. A seller must "deem an order cancelled and . . . make a prompt refund to the buyer whenever [t]he seller has notified the buyer of its inability to


make shipment and has indicated its decision not to ship the merchandise" or "[t]he seller fails to offer the option [to consent to a delay in shipping or cancel the order] and has not shipped the merchandise" within the time stated or within 30 days, if no time is given. 16 C.F.R. § 435.2(c)(4), (5).

29. Where there is a third-party credit sale, a "refund" requires a seller to send either (a) a credit memorandum to the creditor to remove the charge from the buyer's account and a copy of the memorandum to the buyer with the date it sent the memorandum to the creditor and the charge amount to be removed; or (b) a statement to the buyer acknowledging cancellation of the order and representing that the seller has not taken any action which will result in a charge to the buyer's account. 16 C.F.R. § 435.1(d)(2).

30. Where the buyer tenders payment by means other than cash, check, money order, or a credit sale, the seller must either (a) send instructions to the entity that transferred payment to the seller instructing the entity to return to the buyer the amount tendered in the form tendered, along with a statement to the buyer setting forth the instructions, the date of the instructions, and the amount to be returned; (b) return the amount tendered in the form of cash, check, or money order to the buyer; or (c) send the buyer a statement acknowledging the order was cancelled and representing that the seller has not taken any action regarding the order which will access any of the buyer's funds. 16 C.F.R. § 435.1(d)(3).

31. The Rule requires that a refund be sent by any means as fast and reliable as first class mail within seven working days of the date on which the buyer's right to a refund vests under the Rule. 16 C.F.R. § 435.1(b)(1).

32. Pursuant to Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), and 16 C.F.R. Part 435.2, a violation of the Rule constitutes an unfair or deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## Count I

33. In numerous instances, in connection with mail, Internet, or telephone order sales, Defendant failed to ship properly completed orders for merchandise within the timeframe required by the Rule, and failed to clearly and conspicuously offer buyers, without prior demand, an option either to consent to a delay in shipping or to cancel an order and receive a prompt refund.

34. Therefore, Defendant's acts and practices, as set forth in Paragraph 33, violate Section 435.2(b) of the Rule, 16 C.F.R. § 435.2(b), and therefore are unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## Count II

35. In numerous instances, in connection with mail, Internet, or telephone order sales, when Defendant failed to ship properly completed orders for merchandise within the timeframe required by the Rule and failed to offer buyers the opportunity to consent to a delay in shipping or to cancel their order, Defendant did not cancel those orders and make prompt refunds to buyers. In addition, when Defendant notified buyers that it was unable to make shipment and indicated its decision not to ship merchandise, Defendant did not cancel those orders and make prompt refunds to buyers.

36. Therefore, Defendant's acts or practices, as set forth in Paragraph 35, violate Section 435.2(c) of the Rule, 16 C.F.R. § 435.2(c), and therefore are unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## **CONSUMER INJURY**

37. Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendant's violations of the FTC Act and MITOR. In addition, Defendant has been unjustly enriched as a result of its unlawful acts or

1 practices. Absent injunctive relief by this Court, Defendant is likely to continue to
2 injure consumers, reap unjust enrichment, and harm the public interest.

## THIS COURT'S POWER TO GRANT RELIEF

38. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC. The Court, in the exercise of its equitable jurisdiction, may award ancillary relief, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies, to prevent and remedy any violation of any provision of law enforced by the FTC.

39. Section 19 of the FTC Act, 15 U.S.C. § 57b, and MITOR, 16 C.F.R. Part 435, authorize this Court to grant such relief as the Court finds necessary to redress injury to consumers resulting from Defendant's violations of the Rule, including the rescission or reformation of contracts, and the refund of money.

## PRAYER FOR RELIEF

Wherefore, Plaintiff FTC, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, MITOR, 16 C.F.R. Part 435, and the Court's own equitable powers, requests that the Court:

A. Enter a permanent injunction to prevent future violations of the FTC Act and the Rule by Defendant;

B. Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendant's violations of the FTC Act and the Rule, including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

     C.     Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted,

Alden F. Abbott
General Counsel

Dated: April 20, 2020

Stacy R. Procter
Kenneth H. Abbe
D. Emily Wu
Federal Trade Commission
10990 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
(310) 824-4300

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION



11

Exhibit 1



Exhibit 1



Exhibit 2