JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | Case No. 2:20-cv-03641 VAP (GJSx) |
| ) | |
| Plaintiff, ) | *CORRECTED |
| ) | STIPULATED ORDER FOR |
| v. ) | PERMANENT INJUNCTION |
| ) | AND MONETARY JUDGMENT |
| FASHION NOVA, INC., a ) | |
| corporation, ) | *Corrected to include the exhibits |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), for a permanent injunction and other equitable relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b. Defendant has waived service of the summons and the Complaint. Plaintiff and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Court Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.     This Court has jurisdiction over this matter.

2.     The Complaint charges that Defendant participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and of the Commission's Trade Regulation Rule Concerning the Sale of Mail, Internet or Telephone Order Merchandise (the "Rule"), 16 C.F.R. Part 435, by failing to offer consumers, clearly and conspicuously and without prior demand, an option to consent to a delay in shipment or to cancel an order and receive a prompt refund when Defendant failed to ship properly completed orders for merchandise within the timeframe required by the Rule, and failing to deem an order cancelled and make a prompt refund as required by the Rule.

3.     Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Court Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.     Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Court Order, and agrees to bear its own costs and attorney fees.

5.     Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Court Order.

**DEFINITIONS**

For the purpose of this Court Order, the following definitions apply:

A.     "Clearly and Conspicuously" means that a required disclosure (such as an original Shipment date stated in a solicitation) is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.     In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through

both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.  A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.  An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed and cadence sufficient for ordinary consumers to easily hear and understand it.

4.  In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.  The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.  The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.  The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.  When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B.  "Defendant" means Fashion Nova, Inc., and its successors and assigns.

C.  "Eligible Customer" means any consumer who placed an order for merchandise with Defendant and who was provided a gift card instead of a full

Refund because Defendant did not ship an item of ordered merchandise, including where such item was out of stock or where Defendant shipped a materially different item.

D.    "Eligible Gift Card Balance" means any unused gift card balance on any gift card Defendant issued to an Eligible Customer instead of a full Refund because Defendant did not ship an item of ordered merchandise, including where such item was out of stock or where Defendant shipped a materially different item.

E.    "Mail, Internet or Telephone Order Sale" means any sale in which the buyer has ordered merchandise from Defendant by mail, via the Internet, or by Telephone, regardless of the method of payment or the method used to solicit the order. Exceptions:

1.    Subscriptions, such as magazine sales, ordered for serial delivery, after the initial Shipment is made in compliance with this Court Order;

2.    Orders of seeds and growing plants;

3.    Orders made on a collect-on-delivery (C.O.D.) basis; and

4.    Transactions that the defendant can demonstrate are governed by the Commission's Trade Regulation Rule entitled "Use of Prenotification Negative Option Plans," 16 C.F.R. Part 425.

F.    "Prompt," in the context of a Refund, means a Refund sent by any means at least as fast and reliable as first class mail within 7 days of the date on which the buyer's right to refund vests under the provisions of this Court Order. Provided, however, that where Defendant cannot provide a Refund by the same method payment was tendered, Prompt Refund means a Refund sent in the form of cash, check, or money order, by any means at least as fast and reliable as first class mail, within 7 days of the date on which Defendant discovers Defendant cannot provide a Refund by the same method as payment was tendered.

G.     "Receipt of a Properly Completed Order" means, where the buyer tenders full or partial payment in the proper amount in the form of cash, check or money order; authorization from the buyer to charge an existing charge account; or other payment methods, the time at which Defendant receives both said payment and an order from the buyer containing all of the information needed by Defendant to process and ship the order. Provided, however, that where Defendant receives notice that a payment by means other than cash or credit as tendered by the buyer has been dishonored or that the buyer does not qualify for a credit sale, Receipt of a Properly Completed Order means the time at which: (1) Defendant receives notice that a payment by means other than cash or credit in the proper amount tendered by the buyer has been honored; (2) The buyer tenders cash in the proper amount; or (3) Defendant receives notice that the buyer qualifies for a credit sale.

H.     "Refund" means:

1.     Where the buyer tendered full payment for the unshipped merchandise in the form of cash, check, or money order, a return of the amount tendered in the form of cash, check, or money order sent to the buyer;

2.     Where there is a credit sale:

a)     And Defendant is a creditor, a copy of a credit memorandum or the like or an account statement sent to the buyer reflecting the removal or absence of any remaining charge incurred as a result of the sale from the buyer's account;

b)     And a third party is the creditor, an appropriate credit memorandum or the like sent to the third party creditor which will remove the charge from the buyer's account and a copy of the credit memorandum or the like sent to the buyer that includes the date that Defendant sent the credit memorandum or the like to the third party creditor and the amount of the charge

5

to be removed, or a statement from Defendant acknowledging the cancellation of the order and representing that it has not taken any action regarding the order which will result in a charge to the buyer's account with the third party;

c)    And the buyer tendered partial payment for the unshipped merchandise in the form of cash, check, or money order, a return of the amount tendered in the form of cash, check, or money order sent to the buyer.

3.    Where the buyer tendered payment for the unshipped merchandise by any means other than those enumerated in (1) or (2) of this definition:

a)    Instructions sent to the entity that transferred payment to Defendant instructing that entity to return to the buyer the amount tendered in the form tendered and a statement sent to the buyer setting forth the instructions sent to the entity, including the date of the instructions and the amount to be returned to the buyer;

b)    A return of the amount tendered in the form of cash, check, or money order sent to the buyer; or

c)    A statement from Defendant sent to the buyer acknowledging the cancellation of the order and representing that Defendant has not taken any action regarding the order which will access any of the buyer's funds.

I.    "Shipment" means the act by which the merchandise is physically placed in the possession of the carrier.

J.    "Telephone" refers to any direct or indirect use of the Telephone to order merchandise, regardless of whether the Telephone is activated by, or the language used is that of human beings, machines, or both.

K.    "Time of Solicitation" of an order means that time when Defendant has: (1) Mailed or otherwise disseminated the solicitation to a prospective purchaser; (2) Made arrangements for an advertisement containing the solicitation to appear in a newspaper, magazine or the like or on radio or television which cannot be changed or cancelled without incurring substantial expense; or (3) Made arrangements for the printing of a catalog, brochure or the like which cannot be changed without incurring substantial expense, in which the solicitation in question forms an insubstantial part.

## ORDER

## I.    INJUNCTION CONCERNING MAIL, INTERNET, OR TELEPHONE MERCHANDISE ORDERS

IT IS ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Court Order, whether acting directly or indirectly, in connection with Mail, Internet, or Telephone Order Sales are permanently restrained and enjoined from:

A.    the following:

(with regard to the original Shipment date:)

1.    Soliciting any order for the sale of merchandise unless, at the Time of Solicitation, Defendant has a reasonable basis to expect that it will be able to ship any ordered merchandise to the buyer by that original Shipment date, which is either:

i)    Within that time Clearly and Conspicuously stated in any such solicitation; or

ii)    If no time is Clearly and Conspicuously stated, within 1 day after Receipt of a Properly Completed Order from the buyer.

(with regard to any revised Shipment date:)

2.     Providing any buyer with any revised shipping date, unless, at the time the representation is made, Defendant has a reasonable basis for making such representation.

3.     Informing any buyer that it is unable to make any representation regarding the length of any delay unless:

    i)     Defendant has a reasonable basis for so informing the buyer; and

    ii)     Defendant informs the buyer of the reason or reasons for the delay.

B.     in relation to delays:

(with regard to any first notice of inability to ship:)

1.     Where Defendant is unable to ship merchandise by the original Shipment date, failing to offer to the buyer, Clearly and Conspicuously and without prior demand, an option either to consent to a delay in shipping or to cancel the buyer's order and receive a Prompt Refund. Said offer must be made within a reasonable time after Defendant first becomes aware of an inability to ship within the original Shipment date, but in no event later than the original Shipment date.

    i)     Any offer to the buyer of such an option must fully inform the buyer regarding the buyer's right to cancel the order and to obtain a Prompt Refund and provide a first definite revised shipping date, but where Defendant lacks a reasonable basis for providing such a first definite revised shipping date the notice must inform the buyer that Defendant is unable to make any representation regarding the length of the delay.

    ii)     Where Defendant has provided a first definite revised shipping date which is no more than 30 days later than the

original Shipment date, the offer of said option must expressly inform the buyer that, unless Defendant receives, prior to Shipment and prior to the expiration of the first definite revised shipping date, a response from the buyer rejecting the delay and cancelling the order, the buyer will be deemed to have consented to a delayed Shipment on or before the first definite revised shipping date.

iii)     Where Defendant has provided a first definite revised shipping date which is more than 30 days later than the original Shipment date or where Defendant is unable to provide a definite revised shipping date and therefore informs the buyer that Defendant is unable to make any representation regarding the definite length of the delay, the offer of said option must also expressly inform the buyer that the buyer's order will automatically be deemed to have been cancelled unless:

(A)     Defendant has shipped the merchandise within 30 days of the original Shipment date, and has received no cancellation prior to Shipment; or

(B)     Defendant has received from the buyer within 30 days of said applicable time, a response specifically consenting to said shipping delay. Where Defendant informs the buyer that it is unable to make any representation regarding the length of the delay, the buyer must be expressly informed that, should the buyer consent to an indefinite delay, the buyer will have a continuing right to cancel the buyer's order at any time after the original Shipment date and receive a Prompt

Refund by so notifying Defendant prior to actual Shipment.

iv)     Nothing in this Subsection shall prohibit Defendant who furnishes a definite revised shipping date pursuant to (B)(1)(i) of this Section, from requesting, simultaneously with or at the offer of an option pursuant to (B)(1) of this Section, the buyer's express consent to a further unanticipated delay beyond the definite revised shipping date in the form of a response from the buyer specifically consenting to said further delay. Provided, however, that where Defendant solicits consent to an unanticipated indefinite delay the solicitation shall expressly inform the buyer that, should the buyer so consent to an indefinite delay, the buyer shall have a continuing right to cancel the buyer's order at any time after the definite revised shipping date by so notifying Defendant prior to actual Shipment.

(with regard to any further notice of inability to ship:)

2.     Where Defendant is unable to ship merchandise on or before the first definite revised shipping date, failing to offer to the buyer, Clearly and Conspicuously and without prior demand, a renewed option either to consent to a further delay or to cancel the order and to receive a Prompt Refund. Said offer must be made within a reasonable time after Defendant becomes aware of the inability to ship before the said definite revised shipping date, but in no event later than the expiration of the definite revised shipping date.

Provided, however, that where Defendant previously has obtained the buyer's express consent to an unanticipated delay until a specific date beyond the definite revised shipping date, pursuant to

(B)(1)(iv) of this Section or to a further delay until a specific date beyond the definite revised shipping date pursuant to (B)(2) of this Section, that date to which the buyer has expressly consented supersedes the definite revised shipping date for purposes of (B)(2) of this Section.

i)      Any offer to the buyer of said renewed option must provide the buyer with a new definite revised shipping date, but where Defendant lacks a reasonable basis for providing a new definite revised shipping date, the notice must inform the buyer that Defendant is unable to make any representation regarding the length of the further delay.

ii)      The offer of a renewed option must expressly inform the buyer that, unless Defendant receives, prior to the expiration of the old definite revised shipping date or any date superseding the old definite revised shipping date, notification from the buyer specifically consenting to the further delay, the buyer will be deemed to have rejected any further delay, and to have cancelled the order if Defendant is in fact unable to ship prior to the expiration of the old definite revised shipping date or any date superseding the old definite revised shipping date.

Provided, however, that where Defendant offers the buyer the option to consent to an indefinite delay, the offer must expressly inform the buyer that, should the buyer so consent to an indefinite delay, the buyer has a continuing right to cancel the buyer's order at any time and receive a Prompt Refund after the old definite revised shipping date or any date superseding the old definite revised shipping date.

iii)    Subsection (B)(2) does not apply to any situation where Defendant, pursuant to (B)(1)(iv) of this Section, has previously obtained consent from the buyer to an indefinite extension beyond the first revised shipping date.

3.    Wherever a buyer has the right to exercise any option under this provision or to cancel an order by so notifying Defendant prior to Shipment, failing to furnish the buyer with a simple mechanism at the Defendant's expense, to exercise such option or to notify the Defendant regarding cancellation.

4.    Nothing in this Section prevents Defendant where it is unable to make Shipment within the original Shipment date or within a delay period consented to by the buyer, from deciding to consider the order cancelled and providing the buyer with notice of said decision within a reasonable time after becoming aware of said inability to ship, and with a Prompt Refund.

C.    (<u>with regard to failure to cancel</u>:)

failing to treat an order as cancelled and to make a Prompt Refund to the buyer whenever:

1.    Defendant receives, prior to Shipment, notification from the buyer cancelling the order pursuant to any option, renewed option or continuing option under this Court Order;

2.    Defendant has, pursuant to (B)(1)(iii), provided the buyer with a first definite revised shipping date which is more than 30 days later than the original Shipment date or has notified the buyer that it is unable to make any representation regarding the length of the delay and Defendant:

i)    Has not shipped the merchandise within 30 days of the original Shipment date, and

ii)     Has not received the buyer's express consent to said shipping delay within said 30 days;

3.     Defendant is unable to ship within the applicable time set forth in (B)(2) of this Section, and has not received, within the said applicable time, the buyer's consent to the further delay;

4.     Defendant has notified the buyer of an inability to make Shipment and has indicated the decision not to ship the merchandise;

5.     Defendant fails to offer any option prescribed in this Section and has not shipped the merchandise within the original Shipment date; or

6.     Defendant has provided the buyer with a first definite revised shipping date of 30 days or less than the original Shipment date, and Defendant has not shipped the merchandise or received the buyer's consent to a further delay by the first definite revised shipping date.

D.     (with regard to compliance:)

In any action brought by the FTC alleging a violation of this Court Order, the failure of Defendant to have records or other documentary proof establishing its use of systems and procedures which assure, in the ordinary course of business, the Shipment of merchandise within any applicable time set forth in this Section and compliance with any other requirement of this Section will create a rebuttable presumption that Defendant failed to comply with said requirement.

## II.   INJUNCTION TO PREVENT CERTAIN MERCHANDISE ORDER PRACTICES

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys and all other persons in active concert or participation with any of them, who receive notice of this Court Order, whether acting directly

or indirectly, in connection with Mail, Internet, or Telephone Order Sales, are permanently restrained and enjoined from:

A.      Making any representation, expressly or by implication, that the merchandise will be shipped faster than 30 days, without disclosing, Clearly and Conspicuously, and before payment, the date by which the merchandise will be shipped or received;

B.      Failing to provide, and to Clearly and Conspicuously disclose, a simple mechanism for the buyer to cancel any merchandise not received by such date disclosed. The mechanism must not be difficult, confusing, or time consuming, and must be at least as simple as the mechanism the buyer used to order the merchandise;

C.      Where Defendant must offer a Prompt Refund, offering anything other than a Prompt Refund such as a gift card; and

D.      Misrepresenting or assisting others in misrepresenting, expressly or by implication:

1.      The date or speed by which the merchandise will be shipped or received;

2.      The length of, or reason for, any shipping delay;

3.      Any material aspect of any refund, return, or cancellation policy; or

4.      Any other material fact.

### III.   MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of Nine Million, Three Hundred Thousand Dollars ($9,300,000) is entered in favor of the Commission against Defendant as equitable monetary relief.

B.      Defendant is ordered to pay the Commission Seven Million, Forty Thousand Dollars ($7,040,000), which, as Defendant stipulates, its undersigned

1  counsel holds in escrow for no purpose other than payment to the Commission.

2  Such payment must be made within 7 days of entry of this Court Order by

3  electronic fund transfer in accordance with instructions previously provided by a

4  representative of the Commission.

5         C.     Defendant is ordered to pay the Commission, 7 months from the entry

6  date of this Court Order, the amount of Two Million, Two Hundred Sixty

7  Thousand Dollars ($2,260,000), less any amount of money that Defendant has

8  successfully reimbursed and transferred to Eligible Customers for Eligible Gift

9  Card Balances pursuant to Section V of this Court Order, plus any interest accrued

10 since the entry date of this Court Order on monies held in escrow pursuant this

11 Court Order. Defendant stipulates that it has placed in escrow with a third-party

12 escrow agent the amount of Two Million, Two Hundred Sixty Thousand Dollars

13 ($2,260,000) for no purpose other than securing redress of Eligible Gift Card

14 Balances to Eligible Customers in accordance with this Court Order, with payment

15 of the undistributed remainder, if any, to the Commission.

16        D.     The agreement governing the escrow fund must provide that: (1) the

17 escrow account is established for the purposes of securing redress for Eligible Gift

18 Card Balances to Eligible Customers and reimbursing Defendant for amounts that

19 it has reimbursed directly to Eligible Customers pursuant to this Court Order; (2)

20 Defendant may only withdraw funds from the escrow account equal to amounts it

21 has successfully reimbursed to Eligible Customers in accordance with Section V of

22 this Court Order; (3) the escrow account transfers all remaining funds (less any

23 amounts Defendant reimbursed to Eligible Customers in accordance with Section

24 V of this Court Order and for which Defendant has not already received

25 reimbursement from the escrow account), including any interest that has accrued in

26 the escrow account, to the Commission at the end of the redress period, which runs

27 for 7 months after the entry date of this Court Order; and (4) as many Eligible

28 Customers as practicable receive reimbursement.

If an agreement governing an escrow account funded pursuant to this Subsection ceases to comply with any of the criteria set forth in this Subsection III.D, or such escrow account ceases to be administered in compliance with all of the criteria stated above, Defendant must immediately pay the escrowed amount directly to the Commission pursuant to Subsection III.C above.

E.      No other amounts will be credited, offset against, or reimbursed or deducted from the amount to be reimbursed to Eligible Customers or to be paid to the Commission pursuant to Subsection III.C above, including: (1) amounts paid by Defendant for the administration or implementation of the redress program; (2) amounts paid by Defendant on reimbursement checks negotiated more than a year from the entry date of this Court Order; or (3) goods or services provided by Defendant to Eligible Customers.

F.      All payments to the Commission must be made by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## IV.    ADDITIONAL MONETARY PROVISONS

IT IS FURTHER ORDERED that:

A.      Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Court Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Court Order, such as a nondischargeability complaint in any bankruptcy case.

C.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the

Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Court Order will have collateral estoppel effect for such purposes.

D.     Defendant acknowledges that its Taxpayer Identification Number or Employer Identification Number, which Defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Court Order, in accordance with 31 U.S.C. § 7701.

E.     All money paid to the Commission pursuant to this Court Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## V.     NOTICES AND REIMBURSEMENTS TO CUSTOMERS

IT IS FURTHER ORDERED that Defendant must notify and reimburse Eligible Gift Card Balances to Eligible Customers as set forth below:

A.     Defendant must identify all Eligible Customers with an Eligible Gift Card Balance as soon as possible.

1.     Such Eligible Customers, and their contact information, must be identified to the extent such information is in Defendant's possession, custody or control, such as from third parties, including Defendant's payment processor(s) and information received from customers themselves.

17

2. Such Eligible Customers include those identified at any time, including after the redress period, which runs for 7 months after the entry date of this Court Order.

B. Defendant must notify and reimburse the full amount of any Eligible Gift Card Balance to each Eligible Customer with an Eligible Gift Card Balance. Defendant will not access the escrow fund to provide such reimbursements, but may withdraw funds from the escrow fund equal to amounts it has successfully reimbursed to Eligible Customers through reverse charges made to the Eligible Customers' financial accounts (e.g., bank accounts, credit cards, PayPal accounts, etc.) and through checks sent to and negotiated by the Eligible Customers. Defendant must notify and provide reimbursement to identified Eligible Customers with an Eligible Gift Card Balance within 30 days after the entry date of this Court Order, and any Eligible Customers with an Eligible Gift Card Balance identified thereafter within 30 days of their identification, not to exceed 7 months after the entry date of this Court Order.

1. Defendant may attempt to reimburse each Eligible Customer electronically, transmitting the full amount of any Eligible Gift Card Balance directly to the Eligible Customer's last known valid financial account on file with Defendant, including by effectuating a reverse charge on the Eligible Customer's credit card or other financial account.

2. For each electronic reimbursement, Defendant must cause a notice to be sent to that Eligible Customer's last known email address at least 3 days before the reimbursement is transmitted. Such notices must be in the form shown in **Attachment A,** or in such form approved in writing by the Commission or its designee, and the subject line shall read "Important: Notice of Refund from Fashion Nova." If the emailed notice is returned as undeliverable or is

18

otherwise not successfully delivered, Defendant must mail or cause the notice to be mailed to the Eligible Customer's last known mailing address.

3.     If the attempted electronic reimbursement is not successful within 10 days, Defendant must cancel the attempted electronic reimbursement and mail or cause to be mailed to the Eligible Customer a one-page notice and check for the full amount of the Eligible Gift Card Balance in accord with Subsections V.B.4 to 6 below.

4.     If an Eligible Customer does not receive reimbursement electronically, Defendant must reimburse the Eligible Customer for the full amount of any Eligible Gift Card Balance by mailed check. Notices for mailed checks must be in the form shown in **Attachment B,** or in such form approved in writing by the Commission or its designee. The envelope containing the notice and check must be in the form shown in **Attachment C.**

5.     For any notices and checks sent by mail, such mailing must be sent by first-class mail, postage prepaid, address correction service requested with forwarding and return postage guaranteed. For any mailings returned as undeliverable, Defendant must use standard address search methodologies such as re-checking Defendant's records and the Postal Service's National Change of Address database and re-mail to the corrected address within 7 days.

6.     The face of each reimbursement check must Clearly and Conspicuously state: "Please cash or deposit this check within 60 days or it may no longer be good." Defendant may void any checks that have not been negotiated after 90 days from the date that the checks were originally mailed.

7.      Defendant shall not void any Eligible Gift Card Balance unless and until the Eligible Customer has received an electronic reimbursement or negotiated a reimbursement check for the full amount of the Eligible Gift Card Balance.

8.      The mailing or emailing of notices and checks must not include any information not specified in this Court Order, including any enclosures or any written statement, illustration, or deception that promotes the sale of a good or service or is designed to increase consumer interest in a brand, good, or service.

C.      Defendants' notices must include a toll-free number and an email address dedicated to responding to redress inquires.  Defendants must respond promptly and accurately to inquiries about redress, including: (1) whether a consumer is an Eligible Customer or has an Eligible Gift Card Balances; (2) and if so, the redress required by this Court Order and steps taken to redress that customer.  Defendants must not sell or attempt to sell any good or service through the redress program, including in response to consumer inquiries relating to redress eligibility.

D.      Defendant must report on their notification and redress program under penalty of perjury:

1.      Defendant must submit a first report 60 days after the entry date of this Court Order, summarizing its compliance as of that date. Defendant also must submit, for a period of 7 months thereafter, monthly reports summarizing its compliance as of that date and reporting the following totals and corresponding dollar amounts: (1) Eligible Customers and Eligible Gift Card Balances identified; (2) reimbursements sent electronically (including through reverse charges to credit cards and other financial accounts); (3) reimbursement checks mailed and negotiated; (4) Eligible Customers who have not

been reimbursed for Eligible Gift Card Balances; and (5) for the final report, the amount paid to the Commission at the end of the redress period.

2.     If a representative of the Commission requests any information regarding the redress program, including but not limited to underlying customer reimbursement data, Defendant must submit it within 10 days of the request.

E.     The dollar amount in Subsection III.C of this Court Order shall become immediately due and payable to the Commission if Defendant fails to timely comply with the requirements of Section V of this Court Order.

## VI.     CUSTOMER INFORMATION

A.     IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees and attorneys and all other persons in active concert or participation with any of them who receive notice of this Court Order, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission, within 14 days.

## VII.     ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Court Order:

A.     Defendant, within 7 days of entry of this Court Order, must submit to the Commission an acknowledgment of receipt of this Court Order sworn under penalty of perjury.

B.     For 10 years after entry of this Court Order, Defendant must deliver a copy of this Court Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for

conduct related to the subject matter of this Court Order and all agents and representatives who participate in conduct related to the subject matter of this Court Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Court Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which Defendant delivered a copy of this Court Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Court Order.

## VIII.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A.     One year after entry of this Court Order, Defendant must submit a compliance report, sworn under penalty of perjury.

1.     Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, whether these businesses involve Mail, Internet or Telephone Order Sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Court Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Court Order, unless previously submitted to the Commission.

B.     For 10 years after entry of this Court Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

> 1.     Defendant must report any change in: (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Court Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Court Order.

C.     Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Court Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Court Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin: FTC v. Fashion Nova, Inc., Matter No. 1823031.

///

///

///

## IX.    RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 10 years after entry of this Court Order, and retain each such record for 5 years. Specifically, Defendant must create and retain the following records:

A.    Accounting records showing the revenues from all goods or services sold;

B.    Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.    Records of all consumer complaints and requests for Refunds or reimbursement, whether received directly or indirectly, such as through a third party, and any response;

D.    All records necessary to demonstrate full compliance with each provision of this Court Order, including all submissions to the Commission; and

E.    A copy of each unique advertisement or other marketing material making any representation concerning the shipping, refunds, or returns of merchandise.

## X.    COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Court Order and any failure to transfer any assets as required by this Court Order:

A.    Within 14 days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of

the procedures prescribed by <u>Federal Rules of Civil Procedure 29</u>, <u>30</u> (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

      B.     For matters concerning this Court Order, the Commission is authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

      C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Court Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, <u>15 U.S.C. §§ 49</u>, <u>57b-1</u>.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

## XI.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Court Order.

SO ORDERED, this 24th day of April, 2020.


_____
United States District Judge

[Email Subject Line]

Important: Notice of Refund from Fashion Nova

[Email Body]

You placed an order with Fashion Nova between [date] and [date] and didn't receive an item you ordered because:

- it was out of stock;
- missing from your order; or
- you received a damaged, used or incorrect item.

When that happened, we sent you a gift card. Instead, we should have refunded the money to the original method of payment you used. As a result, the Federal Trade Commission filed charges against Fashion Nova.

**To settle the lawsuit, we're giving customers refunds of the unused balances on their gift cards. Within the next three days, you'll see the money refunded to the original method of payment you used.** If the electronic refund doesn't go through, we'll send you a refund check via first class mail.

If you have questions about your refund, you can:

- email us at [to be determined@fashionnova.com]
- call [toll free number to be determined]

You can also read more about our settlement with the Federal Trade Commission.

27                                    Attachment A

[Fashion Nova Letterhead]

Date

Customer Name
Street Address
City, ST ZIP Code

Subject: Notice of Refund from Fashion Nova

Dear [Customer Name]:

You placed an order with Fashion Nova between [date] and [date] and didn't receive an item you ordered because:

- it was out of stock;
- missing from your order; or
- you received a damaged, used or incorrect item.

When that happened, we sent you a gift card. Instead, we should have refunded the money to the original method of payment you used. As a result, the Federal Trade Commission filed charges against Fashion Nova.

**To settle the lawsuit, we're giving customers refunds of the unused balances on their gift cards. Your refund check is attached below.** You must cash or deposit the check within 60 days.

If you have questions about your refund, you can:

- email us at [to be determined@fashionnova.com]
- call [toll free number to be determined]

You can also read more about our settlement with the Commission at [www.ftc.gov/to-be-determined].

Sincerely,

[Fashion Nova representative name]

Attachment B

Fashion Nova
Street Address
City, ST ZIP Code

Important: Notice of Refund from Fashion Nova

Recipient Name
Street Address
City, ST ZIP Code

Attachment C